UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE EVANS, M21523, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 14-cv-7018 |
| v. | ) |
| | ) Judge John W. Darrah |
| KIM BUTLER, Warden, | ) |
| Menard Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Maurice Evans filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, against Respondent Warden Kim Butler. For the reasons stated below, the Petition is denied. A certificate of appealability shall issue.

## BACKGROUND

In 2011, Petitioner was found guilty of first-degree felony murder in the Circuit Court of Cook County, Illinois, and sentenced to twenty-eight years of imprisonment. (Rsp. Exh. D at 1.) Petitioner and his three codefendants were charged with first-degree murder and felony murder based on the offense of mob action for their role in the death of Daniel McKenzie. Daniel's brother, Michael McKenzie, testified that he, Daniel, and their friend Rob Base were waiting at the 22nd Street Red Line El station at 2:00 am. As they boarded a train, Base said, "Let's get on this car with these gangbangers" – a reference to Petitioner and his three codefendants. (*Id.* at 2.) As the train left the station, Petitioner approached Michael and asked about his gang affiliation. Michael told Petitioner that he was formally affiliated with the Gangster Disciples but that he was no longer affiliated. Petitioner then asked Daniel the same question. Michael replied that Daniel was his brother and had no gang affiliation. Petitioner then "got in [Daniel's] face" and

repeated the question. Daniel replied, "Man, get your hands out of my face" and swatted Petitioner's hands away. Petitioner then punched Daniel in the jaw. (*Id.*)

Daniel stood up, and two men from Petitioner's group pushed him and struck him in the face. Shortly after the men began fighting, Base pulled out a box cutter and stabbed Petitioner in the chest. Michael testified that Petitioner swung at Base before Base stabbed him. (*Id.*) The two groups began swinging their belts at each other until the train stopped at the Roosevelt El station. (*Id.*) When the train arrived at the Roosevelt station, Michael testified that he, Daniel and Base got off the train and stood on the platform exchanging words with Petitioner's group. Petitioner and his group got off the train and began chasing Michael, Daniel and Base. (*Id.*)

Security camera footage from the Roosevelt El station showed Michael, Daniel and Base running as Petitioner's group came into frame. Michael and Base ran toward the stairs, but Daniel stopped to pick up a garbage can lid. Petitioner and his group caught up with Daniel and began hitting him as he fell to the ground. At some point during this altercation, Daniel either jumped, fell, or was pushed over the edge of the platform onto the tracks and died after touching an electrified track. (*Id.*)

At the conclusion of the trial, the jury found Petitioner guilty of felony murder. Petitioner appealed, arguing that the trial court erred in failing to instruct the jury that it must find that Petitioner acted with an independent felonious purpose, denying Petitioner his Sixth Amendment right to have each element of his crime proved beyond a reasonable doubt. (Resp. Exh. A at 11-23.) The appellate court affirmed, holding that there was "no support for [Petitioner's] argument . . . that an independent felonious intent is an element of the offense of felony murder. (Resp. Exh. D at 4.) Petitioner petitioned for leave to appeal to the Supreme

Court of Illinois, but the petition was denied. Petitioner then filed a petition for a writ of certiorari, which was denied on June 16, 2014. This petition for a writ of *habeas corpus* follows.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's authority to grant petitions for *habeas corpus*. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Historically, *habeas corpus* relief has been viewed as "an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1933) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)) (other internal citations omitted). It provides that relief may not be granted to any claim adjudicated on the merits in a state court proceeding unless the claim "was contrary to, or involved an unreasonable application of Supreme Court precedent" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F. 3d 831, 841 (7th Cir. 2010). State court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro*, 550 U.S. at 474 (citing 28 U.S.C. § 2254(e)(1)).

## ANALYSIS

Prior to addressing the merits of Petitioner's § 2254 petition, "the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Therefore, "federal courts will not review a *habeas* petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review," on

direct appeal of the prisoner's conviction, or in postconviction proceedings. *Id*. Respondent concedes that Petitioner has exhausted his state court remedies and that his claim is not barred by default.

*State Court Decisions*

Section 2254(a) states that Petitioner may obtain federal *habeas* relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has held that "[a] federal habeas court will not review a claim rejected by a state court" if the state court decision "rests on a state law ground that is independent of the federal question." *Walker v. Martin*, 562 U.S. 307, 316 (2011).

Petitioner alleges that he was denied his Sixth Amendment right to "a jury determination that [he] [was] guilty of every element of the crime with which he [was] charged." *See United States v. Gaudin*, 515 U.S. 506, 510 (1995). Petitioner contends that under Illinois law, a defendant can only be convicted of felony murder if the underlying predicate felony was committed with an independent felonious purpose. Petitioner further contends that to elevate a felony to first-degree murder, the State must show that a defendant had intent to commit a forcible felony with a separate intent from the homicide. Petitioner's trial counsel offered alternative jury instructions, but the Illinois trial court denied them, instead using the Illinois Pattern Jury Instructions. Resp. Exh. D at 8.

The State argues that whether a felony must have an independent felonious purpose in order to serve as a predicate for a felony murder conviction is a question of a state court's interpretation and application of state law. *Habeas* courts may not review a state court's interpretation of a state law. *See Curtis v. Montgomery*, 552 F.3d 578 (7th Cir. 2009); *see also Bates v. McCaughtry*, 934 F.2d 99 (7th Cir. 1991).

4

Petitioner claims that independent felonious purpose is a judicially created element of felony murder. However, Petitioner does not cite to any case law to support his claim that an independent felonious intent is an element of the offense of felony murder[1]. As the instructions given to the jury at trial properly included all of the essential elements of felony murder, Petitioner's claim asks the Court to review the state court's application of state law. The Illinois Appellate Court found "no support for [Petitioner's] argument . . . that an independent felonious intent is an element of the offense of felony murder," a finding that rested on state law grounds. (Resp. Exh. D.) The Illinois Supreme Court denied a petition to review the Illinois Appellate Court decision. Therefore, Petitioner's claim is not subject to federal *habeas* review.

*Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. In addition, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability, petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484

---

[1] The United States Supreme Court's denial of petition for writ of certiorari supports the State's argument that this is not a Sixth Amendment issue but an issue of interpretation of state law.

5

(2000). Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id*. Due to the nature of Petitioner's claims, a certificate of appealability shall issue.

## CONCLUSION

For all the reasons discussed above, Petitioner's Petition for Writ of *Habeas Corpus* is denied, and a certificate of appealability shall issue.

Date: October 28, 2015

JOHN W. DARRAH
United States District Court Judge